IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

DAVID ANTOINE STOKES,

    Plaintiff,

        v.                              CIVIL NO.: WDQ-10-3300

STEPHANIE RAWLINGS-BLAKE,

    Defendant.

MEMORANDUM OPINION

David Antoine Stokes sued Mayor Stephanie Rawlings-Blake.[1] For the following reasons, Stokes's complaint will be dismissed.

I.    Background

Stokes is homeless. Compl. 2.[2] While staying in Baltimore City shelters, "thieves" and "homosexual lovers" have stolen from and harassed him because he looks like a "clean cut . . . professional business man," and "stick[s] out like a sore thumb" by "read[ing] the Bible and pray[ing]." *Id.* On November 22, 2010, Stokes sued Stephanie Rawlings-Blake, the Baltimore City Mayor, because city programs for the homeless have "turned [him] down" and "turn[ed] their back[s]" on him even though he obeys the law and is simply trying to stay warm. *Id.*

---

[1] No hearing is necessary. *See* Local Rule 105.6 (Md. 2010).

[2] Stokes's motion for leave to proceed *in forma pauperis*, ECF No. 2, will be granted.

II. Stokes's Complaint

Under 28 U.S.C. § 1915(e)(2)(B)(ii), federal district courts may independently dismiss *in forma pauperis* suits that "fail to state a claim on which relief may be granted."[3] Stokes has not shown he has a legal claim.[4] Even had the Court been able to infer constitutional rights violations under 42 U.S.C. § 1983,[5] Stokes has not alleged facts to show that Mayor Rawlings-Blake (1) "acted personally" to deprive him of rights, or (2) is culpable under supervisory liability.[6] Accordingly, Stokes's complaint will be dismissed.

III. Conclusion

For the reasons stated above, Stokes's complaint will be dismissed.

| | |
|---|---|
| December 16, 2010 | /s/ |
| Date | William D. Quarles, Jr. |
| | United States District Judge |

---

[3] Also, courts need not assume "the truth of the plaintiff's allegations [under § 1915] as [they] might . . . when considering a motion under Rule 12(b)(6)." *Nasim v. Warden*, 64 F.3d 951, 954 (4th Cir. 1995) (citation and internal quotation marks omitted).

[4] *See Nasim*, 64 F.3d at 954 (Section 1915 encourages "exclud[ing] suits that have no arguable basis in law or fact").

[5] Stokes sued based on federal question jurisdiction. Compl. 1.

[6] *Vinnedge v. Gibbs*, 550 F.2d 926, 929 (4th Cir. 1977); *Shaw v. Shroud*, 13 F.3d 791, 799 (4th Cir. 1994); *see, e.g.*, *Reaves v. Rhodes*, No. 409-820-TLW-TER, 2010 WL 597200, at *7 (D.S.C. Feb. 16, 2010) (dismissing defendant-mayors under § 1915 because plaintiff's § 1983 claims had not alleged that "either mayor's corrective inaction amount[ed] to deliberate indifference or tacit authorization of the offensive practices" (citation and internal quotation marks omitted)).